UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                          Case No. 19-mc-51797

Jeffrey Chang, and Wei Guan,          Sean F. Cox
                                                       United States District Court Judge

    Petitioners.
_____/

## ORDER GRANTING
## MOTIONS TO DISMISS THIRD-PARTY PETITIONS

In Criminal Case Number 18-20008, Defendant Zongli Chang, M.D. ("Dr. Chang") and several other Defendants were charged with various offenses. On November 20, 2018, pursuant to a Rule 11 Plea Agreement, Dr. Chang entered a guilty plea to Count One of the Indictment, which charged him with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, 846. (ECF No. 177 in 18-CR-20008). The factual basis for the guilty plea states that the conspiracy began as early as 2012 and continued for several years, until May 5, 2017. Dr. Chang also agreed to criminal forfeiture pursuant to 21 U.S.C. § 853.

On March 27, 2019, a "Stipulated Amended Preliminary Order of Forfeiture" was issued wherein the Government and Dr. Chang (through retained counsel) stipulated and agreed that, "[p]ursuant to 21 U.S.C. § 853 and Fed. R. Civ. P. 32.2(b)(2)(B) defendant agrees to a forfeiture money judgment in favor of the United States in the amount of $3 million, which constitutes proceeds obtained, directly or indirectly, as a result of the violation charged in Count One."

1

On April 17, 2019, this Court accepted the Rule 11 Plea Agreement and sentenced Dr. Chang to a 135 months imprisonment. This Court also imposed a fine of $1,000,000, in addition to the forfeiture of $3,000,000 in cash and from multiple financial accounts.[1]

Under § 853(a), a defendant "shall forfeit . . . any property constituting, or derived from, any proceeds" of certain crimes. Once the district court determines all of the property that is subject to forfeiture, "it must promptly enter a preliminary order of forfeiture" to that effect. *United States v. Fabian*, 764 F.3d 636, 637 (6th Cir. 2014) (citing Fed. R. Crim. P. 32.2(b)(2)(A)). "Then the government must publish the preliminary order and send notice to third parties who the government has reason to think might have an interest in the property to be forfeited. Fed. R. Crim. P. 32.2(b)(6)(A))." *Id.*

Here, Dr. Chang agreed to forfeit $3,000,000 in cash and financial accounts. Pursuant to Rule 32.2, the Government sent proper notice of the pending forfeiture to third parties who might have an interest in the forfeitable property. One of those third parties is Wei Guan, Dr. Chang's wife, and another is Jeffrey Chang, his adult son. Those notices expressly advised them that any petition they may file claiming an interest in the property at issue "**must be signed under penalty of perjury**." (ECF No. 1 at PageID.4; ECF No. 2 at PageID.1) (bolding in original).

Thereafter, acting *pro se*, Jeffrey Chang filed a petition titled "Petition to dismiss Notice of Preliminary Order of Forfeiture due to lack of statutory authority; Petition regarding third party interest, Case No. 18-cr-20008." (ECF No. 1). Notably, Jeffrey Chang did not sign the petition he filed under penalty of perjury.

---

[1] On April 29, 2019, Chang's counsel filed a Notice of Appeal, appealing the Judgment. Chang's direct appeal is currently pending in the Sixth Circuit.

Also acting *pro se*, Wei Guan filed a petition, titled "Petition to dismiss Preliminary Order of Forfeiture due to statutory violations, therefore lack of statutory authority, petition about Third Party Interest, as to Notice of Preliminary Order of Forfeiture regarding property of Wei Guan and Zongli Chang; U.S. v. Zongli Chang, Criminal Case No. 18-cr-20008." (ECF No. 2). Notably, Wei Guan did not sign the petition she filed under the penalty of perjury.[2]

On January 30, 2020, the United States filed motions to dismiss each of the two petitions. (ECF Nos. 5 & 6). Jeffrey Chang and Wei Guan filed responses to the motions on March 2, 2020.[3] As such, the motions are ready for a decision from the Court.

The majority of the petitions filed by Jeffrey Chang and Wei Guan consist of assertions of claimed errors in Dr. Chang's Criminal Case or legal arguments that the property is not subject to forfeiture for various reasons. For example, they assert that the criminal fine that this Court imposed in sentencing Dr. Chang is excessive and assert that Dr. Chang's guilty plea was not knowingly and voluntarily made. But those arguments "are not theirs to make," and the Court need not consider them in this ancillary proceeding, as explained in *Fabian*:

> By way of background, Congress has expressly limited the extent to which third parties [like Jeffrey Chang and Wei Guan] can participate in the forfeiture process. Specifically, under § 853(k), a third party "claiming an interest in property subject to forfeiture" cannot "intervene in a trial or appeal of a criminal case involving forfeiture of such property." 21 U.S.C. § 853(k)(1). Nor can third parties file a separate lawsuit to assert their interest in forfeitable property. *Id*. § 853(k)(2). And the district court "must enter" its preliminary order of forfeiture "without regard to any third party's interest in the property." Fed. R. Crim. P.

---

[2] Wei Guan no doubt knows how to sign a document under the penalty of perjury, as she submitted, as an exhibit to her petition, an affidavit (wherein she makes various factual assertions relating to her husband's plea) under the penalty of perjury. (ECF No. 2 at PageID.21).

[3] Neither of the responses was signed under penalty of perjury.

3

> 32.2(b)(2)(A).
>
> Instead, "the sole avenue for a third party to assert an interest in forfeitable property" is a so-called "ancillary proceeding" under § 853(n). *United States v. Erpenbeck*, 682 F.3d 472, 480 (6th Cir. 2012) (emphasis omitted). And § 853(n) allows a third party to obtain relief on only two grounds: first, that its interest in forfeitable property "was superior" to the defendant's interest in the property "at the time of the commission of the acts which gave rise to the forfeiture"; or second, that the third party was a "bona fide purchaser for value[.] § 853(n)(6)(A), (B); *see also United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331 (6th Cir. 2009).

*Fabian*, 764 F.3d at 637-38.

The narrow bona-fide-purchaser exception to forfeiture "provides that property cannot be forfeited if 'the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.'" *United States v. Huntington Nat. Bank*, 682 F.3d 429, 433 (6th Cir. 2012). This exception "protects a third party who acquires a legal interest in property for value *after* the acts giving rise to the forfeiture have occurred and who had no reason to believe that the property was subject to forfeiture." *Id.* (emphasis in original). The Sixth Circuit has noted that this exception "is derived 'essentially from hornbook commercial law' and reflects the common-law rule that an 'innocent purchaser for valuable consideration must be protected.'" *Id*. (citation omitted).

The second exception to forfeiture, set forth in §853(n) allows Wei Guan and Jeffrey Chang to submit a petition claiming that their interests in the subject cash and financial accounts is superior to Dr. Chang's. That statute provides that the "petition shall be signed by the petitioner *under the penalty of perjury* and shall set forth the *nature and extent of the petitioner's right, title, or interest in the property*, the *time and circumstances of the petitioner's acquisition*

4

*of the right*, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n) (emphasis added).

Rule 32.2 of the Federal Rules of Criminal Procedure provides that in ancillary proceedings, such as this one, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A).

"Section 853(n)(3) requires that a person asserting a legal interest in forfeited property file a petition that is 'signed by the petitioner under penalty of perjury.' 21 U.S.C. § 853(n)(3). Because of the substantial danger of false claims in forfeiture proceedings, federal courts require strict compliance with this requirement." *United Stated v. Lamid*, 663 F. App'x 319, 323 (5th Cir. 2016). Here, neither Jeffrey Chang nor Wei Guan complied with the statutory requirement that they sign their petitions under penalty of perjury. And they failed to do so after having been given express instruction from the United States, in bolded print, that any petition they file is required to be signed under penalty of perjury. This deficiency alone warrants dismissal of these petitions without a hearing. *Id.; see also United States v. Burge*, 829 F. Supp.2d 664, 667 (C.D. Ill. 2011); *United States v. Walker*, 2018 WL 2323464 (D. Idaho 2018) (collecting cases).

Moreover, as the United States argues in its motions, the petitions fail to adequately plead that Jeffrey Chang or Wei Guan had an interest in the subject property that was superior to the interest of Dr. Chang at the time that the subject property became subject to forfeiture.

For example, Jeffrey Chang's petition asserts, without any further detail, "My interests is from being a beneficiary in all the accounts." (ECF No. 1 at PageID.3). He further asserts that his "interests in the Flagstar" account "is roughly one third" because – at some unspecified point

5

in time – he performed some computer or clerical work for "Metro Home Visiting Physicians." (*Id.*). Similarly, Wei Guan's petition asserts that she "worked for Metro Home Visiting Physicians [performing] clerical and managerial tasks" at some point in time.

This Court agrees that the petitions assert only a conclusory legal interest in the financial accounts at issue. Thus, they are also subject to dismissal because Wei Guan and Jeffrey Chang did not sufficiently plead that they were bona fide purchasers for value of any property subject to forfeiture and failed to meet the pleading requirements under § 853 for third-party petitions. *See, eg., Fabian*, 764 F.3d at 638; *United States v. Akhtar*, 2018 WL 5883930 at * 2 (6th Cir. 2018).

Accordingly, IT IS ORDERED that the Government's Motions to Dismiss the Third-Party Petitions filed by Wei Guan and Jeffrey Chang are GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: March 6, 2020